UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> VEGAS PROPERTY SERVICES, INC., *et al.*, <br><br> Defendants. | Case No. 2:17-cv-01463-MMD-PAL <br><br> ORDER |
| VEGAS PROPERTY SERVICES, INC., <br><br> Counter Claimant, <br> v. <br><br> R GLEN WOODS, AS TRUSTEE OF WATSON 2005 TRUST, *et al.*, <br><br> Counter Defendants. | |

**I.    SUMMARY**

This dispute arises from a homeowners' association foreclosure sale. Before the Court is Defendant Spanish Trail Master Association's (the "HOA") motion to dismiss the claims Plaintiff Wells Fargo Bank, N.A. asserted against the HOA in its amended complaint ("Motion").[1] (ECF No. 68.) As further explained below, the Court will grant in part, and deny in part, the HOA's Motion—dismissing all but Plaintiff's quiet title claim against the HOA.

**II.    RELEVANT FACTS**

The following facts are taken from the operative complaint. (ECF No. 65.) In December 2006, R. Glen Woods, and his successors, as Trustee of the Watson 2005 Trust under agreement dated March 15, 2005, and Jeannie Watson, an unmarried woman

---

[1] The Court has reviewed Plaintiff's response (ECF No. 75). Despite the Court having granted an extension of time to reply (ECF No. 83), the HOA did not file a reply.

1 (collectively, "Borrowers") obtained a loan ("Loan") in the amount of $380,000.00 evidenced by a note and secured by a deed of trust ("DOT") on real property located at 7617 Boca Raton Drive, Las Vegas, Nevada 89113, APN 163-27-114-036 ("the Property"). (*Id.* at 2, 3.) Plaintiff owns the Loan and DOT as the successor-in-interest to the original lender. (*Id.* at 3-4.) Borrowers failed to pay homeowners' association dues.

Therefore, on June 12, 2013, the HOA, acting through its agent, Defendant Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien regarding the outstanding homeowners' association dues. (*Id.* at 4.) On June 21, 2013, the HOA, again acting through its agent NAS, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (*Id.*) The HOA then recorded a notice of foreclosure sale, which listed the amount due to the HOA as $34,763.53. (*Id.*) Defendant Vegas Property Services, Inc. ("VPS") purchased the property at the foreclosure sale (the "HOA Sale"") for $55,000 on July 25, 2014. (*Id.*)

Plaintiff asserts five claims against the HOA: (1) declaratory relief under the takings clause of the Fifth Amendment to the U.S. Constitution; (2) declaratory relief under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution; (3) wrongful foreclosure; (4) breach of NRS § 116.1113, *et seq.*; and (5) quiet title. (*Id.* at 6-11.) Not directly relevant here, Plaintiff also asserts an unjust enrichment claim against VPS. (*Id.* at 11.)

**III.  LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

**IV. DISCUSSION**

The HOA has moved to dismiss all five of the claims Plaintiff asserts against it. (ECF No. 68.) The Court is persuaded by some of the HOA's arguments, but not others. The Court structures its discussion below to map to Plaintiff's claims asserted against the HOA. However, the Court first addresses below the HOA's unpersuasive statute of limitations argument.

**A. Statute of Limitations**

The HOA moves to dismiss Plaintiff's third and fourth causes of action—wrongful foreclosure and violation of NRS 116.1113, *et seq.*—as time barred under the applicable statute of limitations. (ECF No. 68 at 6-8.) Plaintiff counters in relevant part that these

3

claims are not time-barred because they relate back to the filing of Plaintiff's original complaint, which was timely filed. (ECF No. 75 at 17-18.) The Court agrees with Plaintiff.

This Court has held—and continues to hold—that a cause of action accrues at the time of the foreclosure sale in homeowner's association foreclosure cases like this one. *See, e.g.*, *Goldsmith Enterprises, LLC v. U.S. Bank, N.A.,* No. 2:15-cv-00991-MMD-PAL, 2017 WL 4172266, at *3 (D. Nev. Sept. 20, 2017). Here, Plaintiff's causes of action accrued when the HOA Sale took place, on July 25, 2014. (ECF No. 65 at 4.) Further, claims based on duties imposed by statute must be brought within three years. *See* NRS § 11.190(3)(a). Accordingly, Plaintiff's fourth claim—for breach of the duty of good faith imposed by NRS § 116.1113—is subject to this statute of limitations. *See Nationstar Mortg., LLC v. Amber Hills Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. March 31, 2016). Similarly, Plaintiff's third claim—for wrongful foreclosure—is also subject to this statute of limitations because the claim challenges the HOA's authority to conduct the foreclosure under NRS chapter 116. *See id.* Thus, these two causes of action are subject to a three-year statute of limitations that runs from the date of the HOA Sale on July 25, 2014.

Plaintiff's original complaint was accordingly timely filed. (ECF No. 1 (filed May 22, 2017).) Even the HOA does not dispute that Plaintiff's original complaint was timely filed as regards these two claims, because Plaintiff initially filed suit within three years of the HOA Sale. (ECF No. 68 at 8.) But the Court dismissed that complaint as to these two claims (ECF No. 53), and Plaintiff did not file its amended complaint reasserting these two claims until after Plaintiff went through the required mediation process, on October 24, 2018 (ECF No. 65).[2] Thus, the HOA argues, these two claims are time-barred. (ECF No. 68 at 8.) Plaintiff counters these claims relate back to the date the original complaint was filed under Fed. R. Civ. P. 15(c)(1)(B), and are therefore not-time barred. (ECF No. 75 at 17-18.) Plaintiff argues this rule applies because the amended complaint asserts the same

---

[2]This case was stayed for part of that time. (ECF Nos. 53, 56.)

two causes of action as asserted in the original complaint, and they rely on nearly identical facts and circumstances. (*Id.* at 18.)

In relevant part, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). "Thus, relation back is allowed when the original pleading adequately put the defendant on notice of the facts which ultimately underlie the new claim." *Diggs v. Las Vegas Metro. Police Dep't*, Case No. 2:09-cv-02339-RLH, 2013 WL 6097224, at *2 (D. Nev. Nov. 20, 2013).

Here, Plaintiff's wrongful foreclosure and violation of NRS 116.1113, *et seq.* claims relate back to the date Plaintiff filed its original complaint because they are identical to the claims asserted in that complaint, and therefore necessarily rely on the same facts as the claims the Court previously dismissed for failure to first complete Nevada's required mediation process. Because they are virtually identical, these two claims as included in Plaintiff's original complaint put the HOA on notice of the facts that underlie these claims as included in Plaintiff's amended complaint. *See id.* And the HOA does not dispute that these claims were timely as of the filing of the original complaint. (ECF No. 68 at 8.) The Court therefore finds Plaintiff's wrongful foreclosure and violation of NRS 116.1113, *et seq.* claims relate back to Plaintiff's original complaint, and will thus deny the HOA's Motion to the extent it is based on the statute of limitations.

**B.     Declaratory Relief Under the Takings Clause of the Fifth Amendment**

The HOA argues in relevant part that Plaintiff's takings clause claim must be dismissed because neither the HOA Sale conducted pursuant to NRS § 116.1113 nor the statute itself constitute a taking. (ECF No. 68 at 4-5.) The Court agrees. To the extent Plaintiff's DOT was extinguished by the HOA Sale—though the Court does not decide that issue here—it was not a governmental taking. *See, e.g., Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, Case No. 3:15-cv-00240-MMD-CBC, 2019 WL 470901, at *3 (D. Nev. Feb. 6, 2019) (finding as such in the summary judgment context and citing other

1 cases that did as well). The Court will therefore grant the HOA's Motion as to Plaintiff's first cause of action, and dismiss that claim against the HOA with prejudice, as amendment would be futile.

### C. Declaratory Relief Under the Due Process Clauses of the Fifth and Fourteenth Amendments

The HOA also argues in relevant part that Plaintiff's due process claim fails as a matter of law because the arguments it embodies have been rejected by the Nevada Supreme Court. (ECF No. 68 at 5-6.) The Court again agrees with the HOA. The arguments underlying Plaintiff's due process clause claim have been soundly rejected by both the Nevada Supreme Court and the Ninth Circuit. *See, e.g.*, *The Bank of New York Mellon, f\k\a The Bank of New York, as Trustee for the Certificateholders of Cwalt, Inc. Alternative Loan Trust 2006-OC9, Mortgage Passthrough Certificates, Series 2006-OC9 v. Log Cabin Manor Homeowners Association, et al.*, 362 F. Supp. 3d 930, 935-37 (D. Nev. 2019) (currently on appeal); *see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019). The Court will therefore grant the HOA's Motion as to Plaintiff's second cause of action, and dismiss that claim against the HOA with prejudice, as amendment would be futile.

### D. Wrongful Foreclosure and Breach of NRS § 116.1113

The HOA further argues both of these claims fail as a matter of law. (ECF No. 68 at 8-11.) The Court generally agrees with the HOA, but not for exactly the same reasons the HOA provides in its Motion. The Court addresses the HOA's Motion as to Plaintiff's third and fourth claims together because Plaintiff's allegations and arguments opposing dismissal are similar as to both claims. With respect to both claims, Plaintiff essentially alleges that the HOA's foreclosure on the Property at the HOA sale was wrongful. (ECF No. 65 at 8-10.) Further, in opposing the HOA's Motion regarding these two claims, Plaintiff's arguments are the same, and appear to be that Plaintiff discharged the HOA's superpriority lien on the Property by tendering the superpriority amount, so the post-tender HOA Sale was wrongful and not in good faith. (*See* ECF No. 75 at 19 ("That violation

includes, but is not limited to, the HOA's conduct in dealing with Wells Fargo relating to the foreclosure and Wells Fargo's efforts to pay off the superpriority lien. Those specific facts will be set out as this case progresses, but for now the pleading that the sale was conducted based on fraud, oppression, or unfairness is sufficient to state a cause of action for wrongful foreclosure."); *see also id.* at 20 ("As the HOA is aware, since they disclosed the documents that support the claim, the HOA, through its agent, refused to allow Wells Fargo to satisfy the superpriority lien, necessitating a TRO filing by Wells Fargo before the foreclosure.").)

However, there are no factual allegations going to tender in Plaintiff's operative complaint. (ECF No. 65.) Thus, to the extent facts exist that would support such allegations, they are useless to Plaintiff in opposing the HOA's Motion as to Plaintiff's third and fourth causes of action. Further, to the extent both of these claims are based on the purported constitutional violations asserted in Plaintiff's first and second causes of action (*see, e.g.*, *id.* at 8), as explained above, those purported constitutional violations fail as a matter of law and thus do not help Plaintiff survive dismissal as to these two claims. In addition, the Court is persuaded by the HOA's argument (ECF No. 68 at 10-11) that Plaintiff's allegations regarding the Property's low sale price at the HOA Sale go to Plaintiff's quiet title claim, not its third and fourth claims. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1112 (Nev. 2016) (holding that courts retain equitable power to set aside homeowners' association foreclosure sales in quiet title actions under certain circumstances).

Plaintiff fails to state a claim for either wrongful foreclosure or a violation of NRS 116.1113, *et seq.* The Court will therefore grant the HOA's Motion as to these two claims, and will dismiss them without prejudice.

### E. Quiet Title

The HOA also argues Plaintiff's fifth cause of action for quiet title should be dismissed against it because Plaintiff failed to name the legal owner of the Property (purportedly a necessary and indispensable party) as a defendant, and failed to make

7

several critical allegations, including that Plaintiff paid all debts owed on the property and that Plaintiff foreclosed on the prior homeowner. (ECF No. 68 at 11-13.) The Court is unpersuaded by the HOA's arguments as to Plaintiff's quiet title claim.

First, the HOA's contention that Plaintiff failed to name the legal owner of the Property does not appear to be correct. Plaintiff alleges that VPS purchased the Property at the HOA Sale. (ECF No. 65 at 4.) Presumably, VPS has remained the legal owner of the Property, and the HOA has offered no evidence to the contrary. (*See* ECF No. 68 at 11-13.) Plaintiff named VPS as a party and asserts its quiet title claim against VPS. (ECF No. 65 at 1, 10-11.) The Court thus rejects the HOA's failure to name a necessary party argument.

Further, Plaintiff need not allege that it paid all debts on the Property or that it foreclosed on the Property to state a claim. In Nevada, a quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas,* 973 F.2d 803, 808 (9th Cir. 1992)). And in general, a number of courts in Nevada, including the Nevada Supreme Court, have entertained quiet title actions substantially similar to this one. *See, e.g.*, *Shadow Wood*, 366 P.3d 1105; *Bank of N.Y. Mellon v. Legends Maint. Corp.,* No. 2:16-cv-02567-MMD-GWF, 2017 WL 3813904, at *2-3 (D. Nev. Aug. 31, 2017). In sum, the Court will deny the HOA's Motion as to Plaintiff's fifth cause of action for quiet title.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that the HOA's motion to dismiss (ECF No. 68) is granted in part and denied in part. It is granted with respect to Plaintiff's first through fourth causes of action. It is denied with respect to Plaintiff's fifth cause of action.

DATED THIS 1st day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE